1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                              * * * * *

9  UNITED STATES OF AMERICA,

10                                Plaintiff,          2:03-cr-00350-LRH-PAL

11        v.                                          <u>ORDER</u>

12  ANTONIO GIVENS,

13                                Defendant.

14

15        Before the court is petitioner Antonio Givens' motion to vacate, set aside, or correct his

16  sentence pursuant to 28 U.S.C. § 2255. ECF No. 1836. The United States filed a response (ECF

17  No. 1858), to which Givens replied (ECF No. 1861). With the court's leave, the parties filed

18  supplemental briefing addressing the impact of *Beckles v. United States*, 137 S. Ct. 886 (2017)

19  on Givens' claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF

20  Nos. 1902, 1906–07.

21        The court holds that, even if the void-for-vagueness doctrine applies to sentences

22  rendered *before* the U.S. Sentencing Guidelines ("U.S.S.G.") became discretionary, Givens still

23  qualifies as a career offender under U.S.S.G. § 4B1.1 without reliance on that guideline's former

24  "residual clause." Specifically, the court finds that the guideline's commentary is authoritative

25  and that the court may therefore compare Givens' two Nevada attempted robbery convictions to

26  both generic robbery and extortion. Because these offenses are a categorical match under Ninth

27  Circuit precedent, Givens is not entitled to relief from the sentencing court's application of the

28  career-offender guideline.

Similarly, the court finds that Hobbs Act robbery is categorically a crime of violence under the "force clause" of 18 U.S.C. § 924(c). In turn, even if section 924(c)'s residual clause is void for vagueness, Givens is not entitled to relief from his section 924(c) conviction. His motion will therefore be denied as to both claims for relief, but the court will issue a certificate of appealability.

## I.    Background

### A.    Givens' conviction

On May 13, 2004, Givens pled guilty to one count of conspiracy to engage in Racketeering Influenced Corrupt Organization ("RICO") under 18 U.S.C. § 1962(d) and one count of the use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). ECF No. 333. The United States also charged Givens with one count of interference with commerce by robbery under 18 U.S.C § 1951 ("Hobbs Act robbery") (ECF No. 253 at 44–45), but pursuant to the parties' plea agreement, the United States moved to dismiss this count (ECF No. 334 at 2).

On December 27, 2004, a different court within this district ("sentencing court")[1] sentenced Givens to 165 months of imprisonment on the RICO count, as well as a consecutive 7 years on the section 924(c) count. ECF Nos. 532, 552 at 2.

### B.    *Johnson v. United States* and subsequent challenges

Givens filed his section 2255 motion in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). There, the U.S. Supreme Court ruled that a portion of the Armed Career Criminal Act's ("ACCA") violent-felony definition, often referred to as the residual clause, was unconstitutionally vague (i.e., "void for vagueness").[2] *Johnson*, 135 S. Ct. at 2557. The Supreme

---

[1] Although Givens' case has been assigned to this court from the onset, Judge James C. Mahan presided over his change of plea (ECF Nos. 326, 333) and sentencing (ECF Nos. 532, 552).

[2] The ACCA applies to certain defendants charged with unlawful possession of a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Normally, a defendant convicted of unlawful possession of a firearm may be sentenced to a statutory maximum of 10-years of imprisonment. *Id*. § 924(a)(2). However, if a defendant has three prior convictions that constitute either a "violent felony" or "serious drug offense," the ACCA enhances the 10-year *maximum* sentence to a 15-year *minimum* sentence. *Id*. § 924(e)(1).

Court subsequently held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus allowing defendants to challenge their ACCA convictions under section 2255.

Moreover, *Johnson* also sparked challenges to other federal criminal statutes and sections of the Sentencing Guidelines that incorporate a crime-of-violence definition that includes a residual clause similar or identical to the ACCA's. For instance, as in this case, petitioners have challenged the application of the career-offender enhancement under U.S.S.G. § 4B1.1, which, until recently, included a residual clause identical to the ACCA's. The Supreme Court, however, recently ruled in *Beckles v. United States* that "the *advisory* Sentencing Guidelines, including [U.S.S.G.] § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." 137 S. Ct. at 896 (emphasis added).

Similarly, petitioners convicted of the use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) have also challenged their convictions under *Johnson*. Although a challenge to this specific statute has yet to reach the Supreme Court, it granted certiorari this past term in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016). There, the Ninth Circuit addressed a challenge to the residual clause found in 18 U.S.C. § 16(b), which contains a residual clause identical to the one contained within section 924(c) but not identical to the ACCA residual clause at issue in *Johnson*. *Dimaya*, 803 F.3d at 1111–12. The Ninth Circuit ultimately held that section 16(b)'s clause was also void for vagueness. *Id*. at 1119. Although the Supreme Court heard oral arguments in *Dimaya* earlier this year, it set the case for re-argument for its next term. *Sessions v. Dimaya*, 137 S. Ct. 31.

And while a challenge directly to section 924(c) is currently before the Ninth Circuit, the court has deferred ruling on the issue until the Supreme Court decides *Dimaya. United States v. Begay*, No. 14-10080, ECF No. 87 (9th Cir. 2017); *see also United States v. Begay*, 2016 WL 1383556 (9th Cir. 2016).

## II.    Legal standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the

United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id*. § 2255(b).

Section 2255 creates a one-year statute of limitations. *Id*. § 2255(f). When a petitioner seeks relief pursuant to a right recognized by a U.S. Supreme Court decision, the statute of limitations runs from "the date on which the right asserted was initially recognized by the . . . Court, if that right has been . . . made retroactively applicable to cases on collateral review . . . ." *Id*. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief. *Ramos-Martinez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011).

**III.    Discussion**

Givens' section 2255 motion challenges both the application of the career-offender guideline to his sentence and his conviction under 18 U.S.C. § 924(c). Although both challenges stem from *Johnson v. United States*, they raise unique issues that the court will address separately.

As an initial matter, the court notes that the categorical approach applies throughout this analysis. Traditionally, the categorical approach is an analytical framework that *sentencing* courts must apply in determining whether a defendant's prior state or federal offenses mandate a sentence enhancement by satisfying the violent-felony definition under the ACCA. *See Taylor v. United States*, 495 U.S. 575 (1990). The analysis also applies to calculating a convicted defendant's sentencing range when his conduct invokes a guideline that implicates a crime-of-violence definition. *See, e.g.*, *United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008). Additionally, "the Ninth Circuit has consistently held that the categorical analyses apply to § 924(c) crime-of-violence determinations both at trial and at sentencing 'without regard to whether the given offense is a prior offense or the offense of conviction [i.e., a concurrently-

4

charged offense.'"[3] *United States v. Smith*, 215 F. Supp. 3d 1026, 1032 (D. Nev. 2016) (quoting *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006)).

Under the categorical approach, a court may only "compare the *elements* of the statute forming the basis of the defendant's [prior] conviction [or concurrently-charged offense] with the elements of" a violent felony or crime of violence. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (emphasis added); *see also United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016). Therefore, a court may not examine "[h]ow a given defendant actually perpetrated the crime—what [the Supreme Court has] referred to as the 'underlying brute facts or means' of commission . . . ." *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (citation omitted). "The defendant's crime cannot categorically be a 'crime of violence' if the statute . . . punishes any conduct not encompassed by the statutory definition of a 'crime of violence.'" *Benally*, 843 F.3d at 352. Such statutes are often referred to as "overbroad." *See, e.g.*, *United States v. Castillo–Marin*, 684 F.3d 914, 919 (9th Cir. 2012).

If the statute is overbroad, a court may then determine whether the prior or concurrently-charged offense that the statute defines "can be divided into violations that constitute" a crime of violence and "others that do not." *United States v. Dixon*, 805 F.3d 1193, 1196 (9th Cir. 2015). Such statutes are referred to as "divisible," meaning that they "list elements in the alternative, and thereby define multiple crimes." *Mathis*, 136 S. Ct. at 2249. However, a statute that is worded disjunctively is not necessarily divisible. *Id.*; *see also Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014). "If the statute is indivisible, [the] inquiry ends, because a conviction under an indivisible, overbroad statute can never" categorically be a crime of violence. *Lopez-Valencia v. Lynch*, 798 F.3d 863, 867 (9th Cir. 2015).

"Only when a statute is overbroad and divisible" may courts apply the "modified categorical approach. At this step, [courts] may examine certain documents . . . to determine what elements of the divisible statute [the defendant] was convicted of violating." *Id.*

---

[3] The categorical approach is also widely applied in civil immigration proceedings—specifically in the context of the grounds for removing a non-citizen from the United States. *See, e.g.*, *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016).

5

Importantly, for a court to find that a statute is overbroad "requires more than the application of legal imagination to a . . . statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). This finding "requires a realistic probability, not a theoretical possibility," that a statute would apply to conduct *not* encompassed by the crime-of-violence definition. *Id.* "To show that realistic probability, an offender . . . may show that statute was so applied in his own case. But he must at least point to his own case or other cases in which . . . courts in fact did apply the [offense] in the special . . . manner for which he argues." *Id.* However, if a statute "explicitly defines" the concurrently-charged offense more broadly than the crime-of-violence definition, then "no 'legal imagination' is required to hold that a realistic probability exists that" the offense is overbroad. *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1009 (9th Cir. 2015).

## A.    Givens is a career offender under U.S.S.G. § 4B1.1

The career-offender guideline's sentencing enhancement applies if the following criteria are met:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of **either a crime of violence or a controlled substance offense**.

U.S. Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2001) (emphasis added)[4]. At the time of Givens' sentencing, the Guidelines defined a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . .  (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id.* § 4B1.2(a) (emphasis added). The first clause in this definition is often referred to as the "force" or "elements" clause, while the latter clause is the "enumerated-offense" clause. The

---

[4] Due to *ex post facto* issues, Givens' Presentence Investigation Report ("PSR") and the sentencing court applied the 2001 edition of the U.S. Sentencing Guidelines. *See* PSR at ¶ 123; *see also* U.S. Sentencing Guidelines Manual § 1B1.11. (U.S. Sentencing Comm'n 2004) (directing courts to apply "the Guidelines Manual in effect on the date that the defendant is sentenced" unless doing so "would violate the ex post facto clause of the United States Constitution, [in which case] the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.").

final italicized portion is the aforementioned residual clause, which is identical to the one found in the ACCA. Because the definition is worded disjunctively, a felony need only categorically match one of these clauses in order to constitute a crime of violence.

Here, the sentencing court found that Givens qualified as a career offender based on his then-instant RICO conviction and five of his prior Nevada state-law convictions: discharging a firearm under NRS 20.481; battery with the use of a deadly weapon under NRS 200.481; sale of a controlled substance under NRS 453.321; and two convictions for attempted robbery under NRS 200.380. ECF No. 1836 at 2 (citing PSR at ¶¶ 141, 148, 151–52, 158).

Givens now moves for relief from the sentencing court's application of the career-offender guideline under U.S.S.G. § 4B1.1, arguing that it is impermissible in light of *Johnson*. Taking into consideration both his original motion and post-*Beckles* supplemental briefing, this argument proceeds in two parts.

First, Givens contends that *Beckles* does not foreclose his claim for relief because he was sentenced *before* the sentencing guidelines were rendered discretionary in *United States v. Booker*, 543 U.S. 220 (2005). ECF No. 1902; *see also supra* § II.B. He argues that the Supreme Court's holding and rationale in *Beckles* applied only to the post-*Booker* Guidelines and not to the pre-*Booker* era in which the Guidelines were binding on federal courts. Givens therefore contends that the pre-*Booker,* mandatory Guidelines are subject to void-for-vagueness challenges and that, under *Johnson*, the application of the career-offender guideline's residual clause during that period was unconstitutional. The United States opposes this position. ECF No. 1906.

Second, Givens argues that he does not satisfy the career-offender guideline once excised of its residual clause. ECF No. 1836. Specifically, he contends that he does not meet the definition's third element: "at least two prior felony convictions of either a crime of violence *or* a controlled substance offense." U.S.S.G. § 4B1.1(a)(3) (emphasis added). Givens does not challenge whether his Nevada controlled-substance conviction under NRS 453.321 comports with the career-offender guideline's controlled-substance definition under section 4B1.2(b).[5] His

---

[5] The career-offender guideline defines "controlled-substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the

secondary argument therefore hinges on whether even one of his remaining Nevada convictions qualifies as a crime of violence absent the residual clause.

The United States has not responded to Givens' arguments that the discharge-of-a-firearm and battery convictions are not categorically crimes of violence and therefore appears to have conceded these issues. [6] *See* ECF No. 1858. In turn, the only prior convictions at issue are attempted robbery under NRS 200.380.

Givens' argument regarding the applicability of *Beckles* to the pre-*Booker* Guidelines is a threshold matter; he can only challenge the application of the career-offender guideline if the court first determines that the pre-*Booker* Guidelines are subject to void-for-vagueness challenges and that section 4B1.2's residual clause is vague in light of *Johnson*'s invalidation of the ACCA's identical clause.[7]

But as discussed below, the court finds that, even if it ruled on this threshold issue in Givens' favor, attempted Nevada robbery is categorically a crime of violence under U.S.S.G. § 4B1.2(a) and that he is therefore not entitled to relief. And because the void-for-vagueness doctrine's applicability to the pre-*Booker* Guidelines is a constitutional question that is not essential to deciding Givens' motion, the court will decline to address this issue. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

---

manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G § 4B1.2(b) (2001). *Johnson* and its progeny have *not* affected this portion of the career-offender definition.

[6] The court makes no finding as to whether discharging a firearm under NRS 20.481 and battery with the use of a deadly weapon under NRS 200.481 are categorically crimes of violence.

[7] Prior to the Supreme Court deciding *Beckles*, the United States conceded that *Johnson* also rendered the residual clause under the career-offender guideline void for vagueness—making no distinction between the mandatory and discretionary Guidelines eras. ECF No. 1858 at 2. Nonetheless, the United States argued that, unlike the ACCA, the invalidation of the career-offender guideline's residual clause is not retroactively applicable to cases on collateral review. *Id.* at 9. Thus, even if the court ruled that *Beckles* is inapplicable to the mandatory, pre-*Booker* Guidelines, it would also need to address this supplementary threshold matter.

The court's conclusion stems from a three-part analysis. First, only the enumerated-offense clause and its commentary are relevant to this case. Second, the commentary to the career-offender guideline is authoritative, and the court may consider generic robbery as an enumerated crime of violence and categorically compare it to Nevada attempted robbery. Finally, under binding Ninth Circuit authority, Nevada attempted robbery is a crime of violence under the career-offender guideline. *United States v. Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009).

### 1. Only the enumerated-offense clause and the guideline's commentary are relevant to this case

Absent the residual clause, a prior offense can only qualify as a crime of violence if it satisfies the career-offender guideline's force clause or enumerated-offense clause. Givens contends that Nevada attempted robbery satisfies neither clause.

The court agrees only as to the force clause because it has previously held that Nevada robbery is not a categorical match for the ACCA's force clause. *United States v. Avery*, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667 (D. Nev. Jan. 3, 2017) (finding that a defendant may commit Nevada robbery through the use of nominal force, thereby failing to satisfy the force clause's violent-force requirement). In the absence of any response from the United States on this specific point, the court finds that its reasoning in regards to the ACCA's force clause applies to the career-offender guideline's identical force clause. In turn, only the enumerated-offense clause and the guideline's commentary are at issue in this case.

### 2. The career-offender guideline's commentary is authoritative

Under the Guidelines edition applied in Givens' sentencing,[8] a prior offense is a crime of violence under the enumerated-offense clause if it is categorically a burglary of a dwelling, arson, or extortion, or if the offense involved the use of explosives. U.S.S.G. § 4B1.2(a) (2001). But beyond this text, the guideline's commentary is critical to this case. Specifically, application note 1 further defines what crimes are considered crimes of violence. Under the applicable edition, this application note read in part as follows:

---

[8] *See supra* n.4.

"Crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, conspiring, and **attempting** to commit such offenses.

"Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, **robbery**, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

*Id*. comment., n.1 (emphasis added). As seen in this excerpt, all the crimes in the enumerated-offense clause, such as extortion, are included in both the guideline's text and its commentary. The commentary, however, also exclusively lists other crimes, including robbery.

Givens contends that the "guideline commentary has no freestanding definitional power" and that the court may not consider robbery as an enumerated crime of violence. ECF No. 1836 at 14–17. The court recognizes that this precise issue has divided federal courts throughout the country, including district courts within the Ninth Circuit. But ultimately, the court finds that the commentary is authoritative and that Givens' Nevada attempted robbery convictions may therefore be categorically compared[9] to generic robbery.

Both parties agree that this analysis begins with the Supreme Court's ruling in *Stinson* v. *United States*, 508 U.S. 36 (1993). There, the district court found that the defendant's federal conviction for felon in possession of a firearm constituted a crime of violence under the career-offender guideline's residual clause. *Stinson*, 508 U.S. at 38. On appeal, the Court addressed the impact of a new guideline *commentary* added after the defendant's conviction that explicitly stated that "unlawful possession of a firearm by a felon" was not a crime of violence. *Id*. at 39.

The Court ultimately held "that commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id*. at 38. In reaching this conclusion, the Court rejected comparisons between the Guidelines' commentary and "for

---

[9] When applying the categorical approach to an enumerated offense, "courts compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

example, legislative committee reports or the advisory committee notes to the various federal rules of procedure and evidence." *Id*. at 43. Rather, it held that the commentary should be regarded "as an agency's interpretation of its own legislative rule." *Id*. at 44. Accordingly, as long as "an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Id*. at 45. (quoting *Bowles v. Seminole Rock & Sand Co*., 325 U.S. 410, 414 (1945)). Finding that the commentary at issue comported with this standard, the Court held that it "is a binding interpretation of the phrase 'crime of violence.'" *Id*. at 47.

Therefore, in the context of application note 1, the question has emerged whether allowing the commentary to interpret the term "crime of violence" by listing additional enumerated felonies not included in the career-offender guideline's text is "inconsistent" or "plainly erroneous." *See* ECF No. 1836 at 17. Several circuit courts have answered this question in the affirmative.

In *United States v. Soto-Rivera*, the First Circuit addressed what effect a different portion of application note 1 had on the crime-of-violence definition. 811 F.3d 53, 59 (1st Cir. 2016). The case involved commentary stating that unlawful possession of a firearm by a felon is not a crime of violence, "unless the possession was of a firearm described in 26 U.S.C. § 5845(a)." *Id*. (quoting U.S.S.G. § 4B1.2, comment., n.1). Because the referenced statute includes "machine gun[s]" and the defendant admitted to possessing such a firearm in his guilty plea, the United States argued that his felon-in-possession conviction was a crime of violence. *Id*.

The First Circuit disagreed, holding that "utiliz[ing] Application Note 1 as an independent basis for a finding of Career Offender status . . . would be inconsistent with the post-*Johnson* text of the Guideline itself."[10] *Id*. at 60. The court reasoned that "once shorn of the residual clause[,] § 4B1.2(a) sets forth a limited universe of specific offenses that qualify as a 'crime of violence.' There is simply no mechanism or textual hook in the Guideline that allows

---

[10] As discussed in more detail below, the U.S. Sentencing Commission has revised the crime-of-violence definition in the wake of *Johnson* and has removed the residual clause. *See* U.S.S.G. § 4B1.2(a) (2016). It is this post-*Johnson* version of the definition that the First Circuit addressed.

[courts] to import offenses not specifically listed therein into § 4B1.2(a)'s definition of 'crime of violence.'" *Id*. The First Circuit therefore concluded that being a felon in possession of a machine gun was not a crime of violence. *Id*.

At least two other circuit courts have adopted this reasoning. *United States v. Rollins*, 836 F.3d 737, 743 (7th Cir. 2016) (addressing the same portion of application note 1 at issue in *Soto-Rivera* and concluding that the First Circuit "has it exactly right."); *United States v. Bell*, 840 F.3d 963, 968 (8th Cir. 2016) ("We agree with the First Circuit's reasoning in *Soto-Rivera*, as have other courts.").

Nonetheless, in line with other courts in this district and throughout this circuit, this court is unpersuaded by this authority for several reasons. *See, e.g.*, *United States v. Young*, No. 2:14-CR-00323-GMN-NJK, 2017 WL 661485 (D. Nev. Feb. 17, 2017) (citing cases); *United States v. Lam*, No. 08-CR-00461-PJH-10, 2017 WL 475323 (N.D. Cal. Feb. 6, 2017).

Firstly, the *Soto-Rivera* line of cases appear to conclude that application note 1 solely interprets the guideline's *residual* clause by providing examples of what generic felonies would "involve[] conduct that presents a serious potential risk of physical injury to another." *See, e.g.*, *Rollins*, 836 F.3d at 742 ("If the application note's list is not interpreting one of [the career-offender guideline's] two subparts—and it isn't *once the residual clause drops out*—then it is in effect *adding to* the definition." (first emphasis added)); *see also* ECF No. 1861 at 23 (Givens citing *Soto-Rivera* and arguing that "[t]he commentary offenses listed in Application Note 1 only interpreted the residual clause as it includes offenses that neither met the 'force' clause or the 'enumerated' clause . . . .").

But as the United States counters, this interpretation would not comport with the structure of application note 1's relevant text. ECF No. 1858 at 22; *see also Young*, 2017 WL 661485, at *3 (arriving at the same conclusion). As seen in the excerpt included above, the note first enumerates a series of crimes that are crimes of violence, including all the crimes listed in the enumerated-offense clause, as well as robbery and other felonies. The commentary text then *separately* discusses "[o]ther offenses" that would fall within the definition, first using language parallel to the force clause and then to the residual clause. It is clear to the court that each portion

of this commentary text tracks a corresponding portion of the guideline's text under section 4B1.2(a). Accordingly, the list of felonies at the beginning of the application note are felonies that the Sentencing Commission considers crimes of violence rather than examples of felonies that would satisfy the residual clause.

Moreover, the Sentencing Commission's post-*Johnson* changes to the career-offender guideline support this interpretation. Beyond removing the residual clause from the guideline's text, the Commission moved the list of felonies in application note 1 directly into the enumerated-offense clause. *See* U.S.S.G. § 4B1.2(a) (2016). In discussing its amendment, the Commission stated that this change was implemented "[f]or easier application" of the enumerated-offense clause, as "prior to the amendment, the list was set forth in both § 4B1.2(a)(2) and the commentary at Application Note 1." Supplement to the 2015 Guidelines Manual, Amendment 798 at p. 11 (U.S. Sentencing Comm'n 2016), https://www.ussc.gov/ guidelines/guidelines-archive/supplement-2015-guidelines-manual. It is therefore clear that the Sentencing Commission, even before the post-*Johnson* changes to the career-offender guideline, intended robbery and the other felonies listed in application note 1 to constitute an expanded list of crimes of violence under the enumerated-offense clause.

Nonetheless, the court acknowledges Givens' contention that the Commission's expansion of the enumerated-offense clause through the commentary is impermissible. But neither Givens nor the *Soto-Rivera* line of cases cite any authority or provide any rationale that would lead this court to conclude that, under *Stinson*, application note 1 constitutes an "inconsistent" interpretation of the career-offender guideline by the Sentencing Commission. At most, Givens argues that this interpretation exceeds the scope of Congress' delegation of rulemaking authority to the Commission under the Sentencing Reform Act because, unlike the Guidelines themselves, Congress does not review amendments to the commentary. ECF No. 1836 at 15. But the Supreme Court rejected this precise argument in *Stinson*, instead concluding that the Commission's commentary was authoritative as to whether felon in possession of a firearm is a crime of violence. *Stinson*, 508 U.S. at 39–40.

///

Finally, while the Ninth Circuit has yet to rule on this specific issue,[11] it has on numerous occasions categorically compared a defendant's prior conviction to the felonies exclusively enumerated in the pre-*Johnson* version of application note 1, including robbery. *E.g.*, *Harris*, 572 F.3d at 1066 (comparing Nevada robbery and attempted robbery to generic robbery under the career-offender guideline); *United States v. Garibay*, 675 F. App'x 752, 752 (9th Cir. 2017) (rejecting the argument that California attempted murder is not a crime of violence under the career-offender guideline because "the commentary to . . . § 4B1.2 lists attempted murder among the enumerated offenses that qualify as crimes of violence."); *United States v.* Tate, 659 F. App'x 386, 388 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1333 (2017) (finding California second-degree robbery is a crime of violence under "§§ 4B1.2(a)(2) and 4B1.2's Application Note 1.").

Based on the foregoing, the court finds that the commentary to the career-offender guideline is authoritative. In turn, the court may categorically compare Givens' Nevada attempted robbery convictions to generic robbery.

### 3. Nevada attempted robbery is a crime of violence

Finally, under binding Ninth Circuit precedent, "Nevada . . . robbery and attempted robbery categorically qualify as crimes of violence under U.S.S.G. § 4B1.2." *Harris*, 572 F.3d at 1066. In reaching this conclusion, the Ninth Circuit relied on its earlier holding in *Becerril-Lopez* that California robbery is a crime of violence under U.S.S.G. § 2L1.2.[12] *Id*. Although concluding that the California statute is broader than generic robbery,[13] the court ultimately held

---

[11] At least two recent cases on appeal to the Ninth Circuit have posed this precise issue. *See United States v. Andrews*, No. 15-10030 (9th Cir. 2016); *United States v. Biddles*, No. 15-50463 (9th Cir. 2017). In *Andrews*, the panel affirmed the district court without addressing the issue. ECF No. 82-1 at 3–4. A petition for an *en banc* re-hearing is pending. ECF No. 87. In *Biddles*, the panel recently heard oral arguments. ECF Nos. 40–41. But because it appears that the Ninth Circuit can adjudicate the appeal without addressing the commentary issue (*see* ECF No. 34-1), this court finds that ruling on Givens' section 2255 motion without further delay is prudent.

[12] Like the career-offender guideline, U.S.S.G. § 2L1.2 lists both robbery and extortion as crimes of violence. The latter guideline, however, exclusively includes the crime-of-violence definition in its commentary, while the pre-*Johnson* version of the career-offender guideline included extortion in both its text and commentary and robbery exclusively in its commentary.

[13] In other words, California robbery criminalizes more conduct than included under the generic-robbery definition. *See United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008)

14

that any conduct that the statute criminalized that was "not encompassed by generic robbery . . . would necessarily constitute generic extortion and therefore be a 'crime of violence' . . . ." *Becerril-Lopez*, 541 F.3d at 892.

Alternately stated, a defendant who violates California Penal Code § 211 always commits either generic robbery or extortion depending on the manner in which he commits the offense. Because both generic offenses are listed under U.S.S.G. § 2L1.2, the California statute is categorically a crime of violence under that guideline. Similarly, under Nevada's robbery statute, "any conduct . . . that [does] not satisfy the generic definition of robbery, such as threats to property, would satisfy the generic definition of extortion" under U.S.S.G. § 4B1.2. *Harris*, 572 F.3d at 1066.

Nonetheless, Givens argues that the Ninth Circuit's analysis in *Becerril-Lopez* and *Harris* is no longer a permissible application of the categorical approach following the Supreme Court's decisions in *Descamps* and *Mathis*. ECF No. 1861 at 20. But mere weeks ago, the Ninth Circuit re-affirmed its decision in *Becerril-Lopez*. *United States v. Chavez-Cuevas*, No. 15-50480, 2017 WL 2927635, at *5–9 (9th Cir. July 10, 2017) ("[T]he application of the categorical approach in *Becerril-Lopez* was not a conduct-based analysis proscribed by *Descamps* and *Mathis* because it focused squarely on the elements of California robbery and the relevant generic offenses and not on a particular defendant's conduct.").

Accordingly, the court finds that Givens' two convictions for Nevada attempted robbery are categorically crimes of violence under the career-offender guideline. Combined with his Nevada controlled-substance offense, he has more than "two prior felony convictions of either a crime of violence or a controlled substance offense" U.S.S.G. § 4B1.1(a). And because Givens does not contest that his then-instant RICO offense is a crime of violence or that he was at least

---

(defining generic robbery as "aggravated larceny, containing at least the elements of misappropriation of property under circumstances involving immediate danger to the *person*." (emphasis in original)). Specifically, a defendant can commit California robbery through the "means of force or fear[,]" which includes both fear of unlawful injury to one's *person* and to one's *property* (e.g., "Give me $10 or I'll key your car"). *Id.* (quoting Cal. Penal Code § 211).

eighteen years old when he committed it, he satisfies all of the career-offender guideline's elements. His section 2255 motion will therefore be denied as to this claim.

**B.    Because Hobbs Act robbery is a crime of violence, Givens is not entitled to relief from his section 924(c) conviction**

Givens also separately seeks relief from his conviction for the use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). ECF No. 1836 at 27. Under section 924(c)(1)(A), it is a felony to use or carry a firearm "during and in relation to any crime of violence . . . ." This statute therefore creates an offense separately punishable from another concurrently-charged offense that the indictment alleges is a crime of violence. Section 924(c) defines "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Like the career-offender guideline, the first clause in this definition is commonly referred to as the force clause, while the second clause is this statute's residual clause. However, the statute does not include an enumerated-offense clause.

Here, Givens' dismissed charge of Hobbs Act robbery served as the underlying crime of violence for his section 924(c) conviction.[14] *See* ECF No. 253 at 46. The Hobbs Act "prohibits any robbery or extortion or attempt or conspiracy to rob or extort that 'in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce.'" *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004) (quoting 18 U.S.C. § 1951(a)). The statute defines robbery as follows:

> The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of **actual or threatened force, or**

---

[14] Givens' dismissed Hobbs Act robbery charge is only relevant to satisfying the crime-of-violence element under section 924(c); the charge had no effect on the PSR or the sentencing court's determination that Givens satisfied the career-offender guideline. *See* ECF No. 1836 at 2; ECF No. 1858 at 5. However, for an inexplicable reason, Givens also references the career-offender guideline throughout his analysis of section 924(c). *E.g.*, ECF No. 1836 at 27.

16

**violence, or fear of injury**, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added).

Givens now challenges his section 924(c) conviction under section 2255, arguing that Hobbs Act robbery can no longer be considered a crime of violence under modern authority. He first contends that the court may not apply the statute's residual clause because it is void for vagueness in light of the Supreme Court's decision in *Johnson* and the Ninth Circuit's decision in *Dimaya*. He further argues that Hobbs Act robbery is not a categorical match for the force clause because it may be committed (1) through the use of nominal (i.e., less-than-violent) force and (2) through reckless and thus unintentional conduct.

Givens' claim for relief is dependent on his argument that section 924(c)'s residual clause is void for vagueness. It is that premise that would allow Givens to collaterally attack his sentence under section 2255. However, this court need not reach this question because, even if the *residual* clause is void, this court has already held that Hobbs Act robbery satisfies the *force* clause under section 924(c) and is therefore a crime of violence. [15] *United States v. Mendoza*, No. 2:16-CR-00324-LRH-GWF, 2017 WL 2200912 (D. Nev. May 19, 2017). And because Givens has not raised any arguments that the court did not previously address, it will apply its holding in *Mendoza* to this case and deny his motion. Nonetheless, the court will provide an overview of why Hobbs Act robbery satisfies the force clause.

### 1. Ninth Circuit precedent guides this court's conclusion

As in *Mendoza*, one of Givens' primary arguments is that Hobbs Act robbery does not comport with the force clause because it may be committed by instilling the fear of injury in the victim. He contends that a defendant may therefore commit the crime without the actual or threatened use of violent force. ECF No. 1836 at 31. However, in the context of this argument,

---

[15] The court also recently rejected nearly identical arguments in determining that the "analogous" crime of federal bank robbery satisfies section 924(c)'s force clause and is therefore a crime of violence. *United States v. Wesley*, No. 3:16-CR-00024-LRH-VPC, 2017 WL 1050587 (D. Nev. Mar. 20, 2017).

17

Givens has failed to address the Ninth Circuit's holdings in *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) and *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016).

As in this case, the defendant in *Howard* argued that Hobbs Act robbery is not a categorical match for section 924(c)'s force clause because the crime "may also be accomplished by putting someone in 'fear of injury' . . . ." *Howard*, 650 F. App'x at 468 (quoting 18 U.S.C. § 1951(b)). The Ninth Circuit held that this argument was "unpersuasive and . . . foreclosed by" the court's previous published decision in *Selfa*.

There, the court "held that the analogous federal bank robbery statute, which may be violated by 'force and violence, or by *intimidation*' qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of 'crime of violence' as § 924(c)." *Id*. (emphasis in original) (internal citation omitted) (citing *Selfa*, 918 F.2d at 751). The court explained "that 'intimidation' means willfully 'to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*,' which satisfies the requirement of a 'threatened use of physical force' under § 4B1.2." *Id*. (emphasis in original) (quoting *Selfa*, 918 F.2d at 751). The Ninth Circuit thus concluded that, "[b]ecause bank robbery by 'intimidation'—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as a crime of violence." *Id*.

Although *Howard* is not binding precedent, this court and numerous others throughout this district have found its reasoning persuasive and held that Hobbs Act robbery is a crime of violence. *See, e.g.*, *Mendoza*, 2017 WL 2200912; *United States v. Hayes*, No. 3:13-CR-00007-RCJ-WGC, 2017 WL 58578, at *2 (D. Nev. Jan. 5, 2017); *United States v. Loper*, No. 2:14-CR-321-GMN-NJK, 2016 WL 4528959, at *2 (D. Nev. Aug. 29, 2016); *United States v. Barrows*, No. 2:13-CR-00185-MMD-VCF, 2016 WL 4010023, at *3 (D. Nev. July 25, 2016). And while other petitioners have argued that subsequent authority has effectively overruled *Selfa*, this court has rejected that contention. *Mendoza*, 2017 WL 2200912, at *8 (rejecting this *explicit* argument in regards to Hobbs Act robbery); *United States v. Wesley*, No. 3:16-CR-00024-LRH-VPC, 2017 WL 1050587, at *3–4 (D. Nev. Mar. 20, 2017) (rejecting this *implicit* argument in regards to bank robbery).

## 2. Givens has not established a realistic probability that a defendant can commit Hobbs Act robbery by using nominal force

Givens argues that the Hobbs Act's common-law origins demonstrate that a defendant can violate this federal statute through the use of nominal force.[16] ECF No. 1836 at 28; *see United States v. Nedley*, 255 F.2d 350, 357 (3d Cir. 1958) ("'Robbery' under the Hobbs Act, is common law robbery . . . ."). This argument is premised on his broader contention that the degree of force a defendant used to commit common-law robbery was immaterial. Givens cites to modern secondary sources collecting state-law cases and ostensibly concluding that a defendant could commit common-law robbery through the use of nominal force. Moreover, he cites to federal decisions involving convictions under different federal robbery statutes involving the use of seemingly nominal force.

The court rejected these precise arguments in *Mendoza*. 2017 WL 2200912, at *6–7. Relying in part on the thorough analysis conducted by another district court in *United States v. Pena*, 161 F. Supp. 3d 268 (S.D.N.Y. 2016), this court was unconvinced by the premise that even the slightest touch could satisfy the force element under common-law robbery. And even if this were not the case, the court was unpersuaded—and remains unpersuaded—that a defendant can commit Hobbs Act robbery through nominal force. This conclusion is underscored by the fact that Givens and similar petitioners are unable to cite a single instance from the over 70 years since the Hobbs Act's enactment in which a defendant was convicted under the statute after having used or threatened to use nominal force.

Moreover, the court finds that there is no merit to Givens' argument that, by threatening to harm a victim by use of poison or a hazardous chemical, a defendant can commit Hobbs Act robbery without the use of violent force. He contends that neither means of commission

---

[16] In *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson 2010*"), the Supreme Court specified that the term "physical force" under the ACCA's force clause "means *violent* force— that is, force capable of causing physical pain or injury to another person." Thus, crimes that can be committed through the use of *nominal* force do *not* satisfy the ACCA's force clause. *See, e.g.*, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016). This court and many others have also extended the violent-force requirement to section 924(c)'s force clause. *United States v. Mendoza*, No. 2:16-CR-00324-LRH-GWF, 2017 WL 2200912, at *4 n.5 (D. Nev. May 19, 2017).

constitutes violent force under the holdings in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) and *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005).

However, many courts have recognized that the reasoning in both cases has been critically undermined by the Supreme Court's holding in *United States v. Castleman*, 134 S. Ct. 1405 (2014). *See, e.g., United States v. Taylor*, 206 F. Supp. 3d 1148, 1165 (E.D. Va. 2016) (citing cases); *Pikyavit v. United States*, No. 2:06-CR-407-PGC, 2017 WL 1288559, at *7 (D. Utah Apr. 6, 2017). There, in the context of a domestic-violence statute, the Court rejected the argument that the use of poison would not entail "the use or attempted use of physical force." *Castleman*, 134 S. Ct. at 1407. It reasoned that "[t]he 'use of force' . . . is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly *as a device to cause physical harm*. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id*. at 1415 (emphasis added).

Accordingly, Givens has failed to demonstrate a realistic probability that a defendant can commit Hobbs Act robbery through the use of nominal force.

### 3. Hobbs Act robbery requires *intentional* conduct

Finally, the court is unpersuaded by Givens' argument that, under the fear-of-injury element, a defendant may commit Hobbs Act robbery through reckless, unintentional conduct.[17] Like the defendant in *Mendoza*, Givens contends that cases addressing the comparable intimidation element under federal bank robbery demonstrate this point. For instance, he relies in part on the Ninth Circuit's decision in *United States v. Foppe*, 993 F.3d 1444 (9th Cir. 1993), where the court held that, under the federal-bank-robbery statute, it is "irrelevant" whether the defendant "specifically intended to intimidate" the victim.

///

---

[17] This point is relevant to finding that Hobbs Act robbery is a crime of violence because, in order to satisfy the force clause, the use of force [required by a statute] must be intentional, not just reckless or negligent." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (citing *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010)). Because this requirement was recognized only several years after *Selfa*, the contention that Hobbs Act robbery and bank robbery may be committed unintentionally is often asserted in support of the argument that *Selfa* has been effectively overruled. *See, e.g.*, *Mendoza*, 2017 WL 2200912, at *4–5.

However, the *Foppe* court merely held that federal bank robbery "is a general intent crime, not a specific intent crime[,]" in response to the defendant's argument that he never intended to intimidate the bank teller that he approached. *Foppe*, 993 F.3d at 1451. Moreover, in previously rejecting this argument, this court again relied in part on the *Pena* court's analysis. There, the court rejected an identical argument by citing a Supreme Court case that specified that federal bank robbery "is a general intent crime whose *mens rea* requirement is satisfied only if the 'defendant possessed knowledge with respect to the *actus reus* of the crime ([i.e.,] the taking of property of another by force and violence or intimidation).'" *Pena*, 161 F. Supp. 3d at 283 (quoting *Carter v. United States,* 530 U.S. 255, 268 (2000)).

"In other words, a defendant charged with bank robbery . . . must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another." *Id.* Thus, "if a defendant robs a bank with violence, the prosecution need not prove a specific intent to cause pain or to induce compliance." *Id.* "Similarly, if a defendant robs a bank with intimidation, the prosecution need not prove a specific intent to cause fear[,]" which "does not mean that the bank robbery was accomplished through 'negligent or merely accidental conduct.'" *Id.* (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)).

This court remains convinced by this reasoning and, as in *Mendoza*, finds that it also applies to Hobbs Act robbery. Accordingly, the court finds that Hobbs Act robbery satisfies section 924(c)'s force clause and is therefore a crime of violence regardless of whether the residual clause is void for vagueness. In turn, Givens is not entitled to relief from his 924(c) conviction.

## C. Certificate of appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that

21

the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (internal citations, quotation marks, and brackets omitted).

Because this section 2255 motion involves questions of law that are partially unsettled and are currently being addressed by higher courts, this court will issue Givens a certificate of appealability as to the application of the career-offender guideline and his section 924(c) conviction.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Antonio Givens' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1836) is **DENIED**.

IT IS FURTHER ORDERED that Givens is **GRANTED** a certificate of appealability.


IT IS SO ORDERED.

DATED this 1st day of August, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE